# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF JONATHAN B. GOLDSMITH, BAR NO. 11805. | No. 77461 |

FILED

FEB 07 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court suspend attorney Jonathan B. Goldsmith for five years and one day for violations of RPC 1.3 (diligence), RPC 1.15 (safekeeping property), RPC 4.1 (truthfulness in statements to others), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record.

We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hill Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Goldsmith committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's findings of fact in this matter as they are supported by substantial evidence and are not erroneous. Based on those findings, we agree with the panel's conclusions that the State Bar established by clear

19-05942

and convincing evidence that Goldsmith violated the above-listed rules by failing to pay a client's lienholder, misappropriating the funds due to the lienholder, and lying to the lienholder on numerous occasions regarding the status of the funds and whether they were being held in trust.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

Goldsmith knowingly violated duties owed to his client (diligence and safekeeping property), to the legal system (truthfulness in statements to others), and to the legal profession (misconduct and misappropriation of funds). Goldsmith's misconduct caused injury to his client and the lienholder by failing to pay a medical lien. Based on the most serious instance of misconduct at issue, Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See id.* Standard 4.12 ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). The record supports the panel's findings of five aggravating circumstances (numerous prior

disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, and refusal to acknowledge the wrongful nature of the conduct) and no mitigating circumstances. Thus, considering all of the factors, we conclude that a suspension is warranted.

Accordingly, we hereby suspend attorney Jonathan B. Goldsmith from the practice of law in Nevada for five years and one day from August 23, 2018, the date of the disciplinary hearing. Goldsmith shall pay Sierra Medical Services $18,841.20 in restitution within two years from the date of this order. Goldsmith shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:  Chair, Southern Nevada Disciplinary Board
     Jonathan B. Goldsmith
     Bar Counsel, State Bar of Nevada
     Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court

